**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

        v.                     Case No. 6:26-cv-00286-AGM-DCI

DEVIN S. ANDERSON;
CHRISTOPHER W. KEEGAN; and
META PLATFORMS, INC.,

    *Defendants.*

## PLAINTIFF'S TIME-SENSITIVE MOTION TO DROP DEFENDANTS META PLATFORMS, INC. AND CHRISTOPHER W. KEEGAN UNDER RULE 21 AND FOR LEAVE TO FILE A NARROWED THIRD AMENDED COMPLAINT UNDER RULE 15(a)(2)

This motion is designated time-sensitive under Local Rule 3.01(f). Plaintiff's response to Meta's Motion to Dismiss, Dkt. 44, is due today, May 8, 2026, per Dkt. 48. Plaintiff respectfully requests a ruling at the Court's earliest convenience.

Plaintiff Marvelle J. Ballentine, pro se, respectfully moves under Federal Rules of Civil Procedure 21 and 15(a)(2) for the following relief:

    1.    An order dropping Meta Platforms, Inc. and Christopher W. Keegan as Defendants under Rule 21;

2.    Leave to file a narrowed Third Amended Complaint proceeding only against Defendant Devin S. Anderson on one count for defamation; and

3.    An order denying as moot Plaintiff's previously filed motion for leave to amend to the extent it sought leave to file a different proposed pleading.

## I. BACKGROUND

This action presently proceeds against three Defendants: Devin S. Anderson, Christopher W. Keegan, and Meta Platforms, Inc. Meta has moved to dismiss. Dkt. 44. The Court extended Plaintiff's response deadline to May 8, 2026. Dkt. 48. A motion for leave to amend filed by Plaintiff remains pending.

Plaintiff seeks to narrow this action. The proposed Third Amended Complaint would omit all claims against Meta Platforms, Inc.; omit all claims against Christopher W. Keegan; eliminate all conspiracy and coordination allegations; proceed only against Defendant Devin S. Anderson; and assert a single count for defamation. The defamation count would be based on Anderson's litigation publication asserting a "legitimate community standards violation" by Plaintiff without identifying any content, any standard, or any factual basis. Plaintiff does not attach a proposed Third Amended Complaint because the Local Rules of this District do not require attachment, and because Eleventh Circuit guidance permits a movant either to attach the proposed amendment or to set forth its substance. Plaintiff sets forth the substance above.

## II. ARGUMENT

### A. Rule 21 Authorizes Dropping Meta and Keegan on Just Terms.

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Just terms exist here. Dropping Meta and Keegan removes claims and parties from the case, simplifies adjudication, preserves complete diversity, and causes no prejudice. Neither Meta nor Keegan would be required to defend a claim no longer asserted. The remaining single claim against Anderson is unaffected.

## B.  Rule 15(a)(2) Favors Leave to File the Narrowed Third Amended Complaint.

Rule 15(a)(2) directs that the court "should freely give leave when justice so requires." Leave is properly denied only on a justifying reason such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None applies.

The proposed amendment narrows the action: it removes two Defendants, removes all claims against Meta and Keegan, eliminates conspiracy and coordination allegations, and reduces the case to one count for defamation against one Defendant. There is no undue delay because the amendment responds to the present procedural posture. There is no bad faith because the amendment reduces, rather than expands, the scope of the case. There is no repeated failure to cure because Plaintiff has not previously sought to narrow the action in this manner. There is no undue prejudice because no Defendant is required to defend a new claim, a new factual theory, or new conduct. And futility is not implicated because

3

the proposed pleading reduces the action to a single defamation claim against the one Defendant whose litigation publication is the subject of that claim.

## C. The Court's Prior Amendment Posture Supports the Same Result Here.

Early in this case, the Court ordered Plaintiff to address pleading and jurisdictional defects, after which Plaintiff amended and dropped two parties. The same logic applies now. The proposed Third Amended Complaint presents the narrowest version of the dispute for adjudication and removes parties whose continued presence would expand the case beyond what Plaintiff seeks to litigate.

## III. CONCLUSION

Plaintiff respectfully requests that the Court (a) drop Meta Platforms, Inc. and Christopher W. Keegan as Defendants under Rule 21; (b) grant leave under Rule 15(a)(2) to file a narrowed Third Amended Complaint asserting one count for defamation against Defendant Devin S. Anderson; and (c) deny as moot Plaintiff's previously filed motion for leave to amend to the extent it sought leave to file a different proposed pleading.

Date: May 8, 2026                                    Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy, #82
Kissimmee, FL 34747
jayballentine@protonmail.com

4

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiff attempted to confer with counsel for Defendants by email on May 8, 2026, regarding the relief requested in this motion. Because Plaintiff's response to Meta's Motion to Dismiss, Dkt. 44, is due today per Dkt. 48, Plaintiff was unable to obtain Defendants' positions before filing. Plaintiff will continue conferring under Local Rule 3.01(g)(3) and will supplement this certification within three days of filing or upon receipt of a position, whichever is earlier.

## CERTIFICATE OF SERVICE

I certify that on May 8, 2026, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

Marvelle J. Ballentine

6